[NOT YET SCHEDULED FOR ORAL ARGUMENT]

No. 25-5268

---

# United States Court of Appeals
## for the
## District of Columbia Circuit

_____

TODD M. HARPER,
in his personal capacity and in his official capacity as a Member of the National Credit Union Administration Board, *et al.*,
*Plaintiffs-Appellees*

v.

SCOTT BESSENT,
in his official capacity as Secretary of the Treasury, *et al.*,
*Defendants-Appellants*

_____

From the United States District Court for the District of Columbia
Case No. 25-01294-AHA (Hon. Amir H. Ali)

_____

**PLAINTIFFS-APPELLEES' OPPOSITION TO
EMERGENCY MOTION FOR AN ADMINISTRATIVE STAY**

_____

    Vincent Levy
    Denis Metin
    Christopher M. Kim
    HOLWELL SHUSTER &
      GOLDBERG LLP
    425 Lexington Avenue, 14th Floor
    New York, NY 10017
    Tel.: (646) 837-5151
    vlevy@hsgllp.com

Plaintiffs respectfully oppose the entry of an administrative stay. Plaintiffs will separately oppose the entry of a stay pending appeal.

The Court should deny the government's request for an administrative stay pending disposition of the request for a stay pending appeal. The government has identified no reason why an administrative stay is needed at this juncture, before the Court has had the opportunity to consider the government's request for a stay pending appeal based on a full set of papers. The district court denied the government's stay, including due to the government's complete failure to explain why a stay was warranted in light of the parallels between the NCUA Board and the Federal Reserve—and the fact that the Supreme Court's decision in *Wilcox*, the chief authority on which the government relies, makes clear that its decision should not be taken as putting the independence of the Federal Reserve into question.

And the relevant equitable considerations weigh against entering an administrative stay. As the government notes, following the district court's order reinstating plaintiffs to their position as Board members on July 22, the government sought a stay from the district court, but identified no exigency in their motion papers. An emergency stay having not been requested, and the district court's injunction taking effect, plaintiffs participated in the NCUA Board meeting that occurred yesterday, July 24. Five hours after the meeting concluded, before the government had replied in district court on its stay request there (and thus before the

district court acted), the government came to this Court seeking an administrative stay as well as a stay pending appeal. But again, the government identified no harm that would visit the government during the time it would take to brief the stay motion in this Court. Conversely, entering a stay would be against the public interest, given "the disruptive effect of the repeated removal and reinstatement of officers during the pendency of . . . litigation." *Trump v. Wilcox*, 145 S. Ct. 1415, 1415 (2025).

We end by taking note of the Supreme Court's manner of disposing of the government's stay motion in *Trump v. Boyle*, No-25A11, on which the government now relies in this case. On July 2, the government in *Boyle* requested both an administrative stay and a stay of the judgment. The Supreme Court did not act on the request for an administrative stay (which was opposed), but on July 2 the Chief Justice requested a response to the stay application by July 11. The Supreme Court ultimately ruled on the request for a stay of the judgment on July 23, with no administrative stay entered in the intervening period. There is no reason why an administrative stay is needed in this case, and *Boyle* counsels against it.

*   *   *

In sum, the Court should deny or not act upon the administrative stay at this time. Plaintiffs will oppose the request for a stay pending appeal by Monday, July 28 at noon, unless the Court sets an earlier response deadline.

Dated: July 25, 2025

Respectfully submitted:

*/s/ Vincent Levy*

Vincent Levy
Denis Metin
Christopher M. Kim
HOLWELL SHUSTER &
 GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com

# CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P 27(D)(2)(A)

Pursuant to Fed. R. App. P. 32(g), I hereby certify that the preceding opposition brief complies with the type-volume limitation of the Rules, containing 502 words, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 32(f). I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

*/s/ Vincent Levy*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Vincent Levy*