[NOT YET SCHEDULED FOR ORAL ARGUMENT]

No. 25-5268

---

# United States Court of Appeals
## for the
## District of Columbia Circuit

---

TODD M. HARPER,

in his personal capacity and in his official capacity as a Member of the National Credit Union Administration Board, *et al.*,

*Plaintiffs-Appellees*

v.

SCOTT BESSENT,

in his official capacity as Secretary of the Treasury, *et al.*,

*Defendants-Appellants*

---

From the United States District Court for the District of Columbia
Case No. 25-01294-AHA (Hon. Amir H. Ali)

---

**PLAINTIFFS-APPELLEES' MOTION TO SET BRIEFING SCHEDULE AND ORAL ARGUMENT**

---

Vincent Levy
Denis Metin
Daniel Fahrenthold
HOLWELL SHUSTER &
GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com

Appellees Todd M. Harper and Tanya F. Otsuka respectfully move this Court to lift the abeyance on the pending appeal and reimpose the expedited briefing schedule this Court previously fixed for this case.[1]

Appellees are members of the National Credit Union Administration ("NCUA") Board—an independent financial regulator that "functions much like the Federal Reserve and Federal Deposit Insurance Corporation ('FDIC'), except for credit unions rather than banks." *Harper v. Bessent*, 795 F. Supp. 3d 28, 30–31 (D.D.C. 2025). In April 2025, the President summarily terminated both Appellees without cause despite a statute prohibiting such action. *Id.* at 32. The District Court (Ali, J.) granted summary judgment, declared the terminations unlawful, and ordered Appellees reinstated. *Id.* at 46.

The government appealed, and this Court entered a stay of the district court's judgment pending appeal while also setting an expedited briefing schedule. *See* Order, *Harper v. Bessent*, No. 25-5268 (D.C. Cir. Aug. 21, 2025). On September 29, 2025, this Court held this case in abeyance pending the Supreme Court's disposition of *Trump v. Slaughter*, No. 25-332, and directed the parties "to file motions to govern future proceedings in this case within 30 days of the disposition [of *Slaughter*] by

---

[1] Counsel for the government stated that they oppose this motion and intend to file a response. In addition, they stated they are "tentatively planning to stand on [their] opening brief" and that they "will file [their] own motion to govern future proceedings by July 29 per the Court's order."

1

the Supreme Court." *See* Order, *Harper v. Bessent*, No. 25-5268 (D.C. Cir. Sept. 29, 2025). This week, the Supreme Court decided *Slaughter* and, at the same time, issued its decision in *Trump v. Cook*, No. 25A312. Those decisions clear the way for this appeal to proceed and confirm that the judgment below should be affirmed.

The Supreme Court's decisions in *Slaughter* and *Cook* strongly reinforce the judgment below. In *Slaughter*, the Court overruled *Humphrey's Executor* but expressly preserved removal protections for entities that have historically played a "unique role" in overseeing the nation's financial system, including the Federal Reserve, which "follows in the distinct historical tradition of the First and Second Banks of the United States—both of which influenced monetary policy and neither of which were subject to plenary Presidential control." *Trump v. Slaughter*, No. 25-332, slip op. at 27–28 (June 29, 2026). The Court reaffirmed that same principle in *Cook*, upholding the Federal Reserve's independence in part because it "follows in this lineage" of safeguarding the First and Second Banks' "independence from Presidential control," even if the "Federal Reserve is more powerful than its predecessors." *Trump v. Cook*, No. 25A312, slip op. at 22–23 (2026) ("What matters is that the Federal Reserve remains 'consistent with the principles that underpin' the First and Second Banks—namely, that monetary policy should not be subject to political interference.").

The NCUA follows in that same lineage. The District Court found that Congress deliberately modeled the NCUA on the Federal Reserve, that both agencies perform the same core market-regulatory functions—chartering, supervision, and liquidity provision—and that the NCUA's governing structure mirrors the Federal Reserve's in form and design. *Harper*, 795 F. Supp. 3d at 31–32, 41–42. Appellees will further demonstrate that, like the Federal Reserve, the NCUA traces its institutional independence through a continuous historical lineage—from the English tradition of insulating Crown officials charged with superintending cooperative financial institutions from political interference, through the founding generation's guarantee of independence for the First and Second Banks, and forward to Congress's deliberate restructuring of the NCUA in 1978 to secure its place within that same tradition of institutional independence. To the extent Congress has endowed the NCUA Board with more powers over time, Congress is not "trapped in amber" when doing so. *Cook*, slip op. at 22. And, as Appellees will demonstrate, the NCUA Board lacks the executive power that made for-cause removal of FTC members unconstitutional in *Slaughter*, including the power to "file[] civil suits on behalf of the United States." *Slaughter*, slip op. at 26.

*Slaughter* and *Cook* resolve several other issues in this appeal. The Supreme Court reaffirmed the "default rule" that its "precedent has already made clear": that Congress may "implicitly incorporate[]" for-cause removal protections in a statute

3

"that promise[s] officeholders a term of years." *Cook*, slip op. at 19 ("*Reagan* and *Shurtleff* could hardly have been clearer about 'the rule' they applied—that (to repeat once more) 'notice and hearing are essential' if 'the term of office is for a fixed period.'"). As in *Cook*, NCUA Board members are entitled to fixed terms of office under the NCUA statute, 12 U.S.C. § 1752a(c), and Congress unmistakably insulated the NCUA Board members from political influence, as the district court explained, *see Harper*, 795 F. Supp. 3d at 34–36.

Moreover, the Supreme Court held that "a court may order that a removed [federal officer] remain in office during the pendency of litigation if the [officer] is otherwise entitled to a preliminary injunction," *Cook*, slip op. at 16, squarely rejecting one of the government's lead arguments on appeal: that the district court lacked the authority to enter an injunction reinstating Appellees, *see* Opening Br. at 26–31.

Appellees' likelihood of success has only strengthened with the Supreme Court's decisions. Reinstating the expedited briefing schedule this Court previously imposed is appropriate because Appellees have been unlawfully excluded from office since April 17, 2025—over fourteen months—while their fixed terms continue to run. Harper's six-year term expires on April 10, 2027, while Otsuka's

expires on August 2, 2029.[2] Prompt resolution of this appeal will allow the NCUA Board to resume its statutory responsibilities and restore the Appellees to offices they are entitled to, and from which they have been unlawfully removed, as the district court held.

Appellees respectfully request that the Court set the following briefing schedule, which would allow the parties' the same number of days for submission of each brief as the Court's prior briefing schedule entered on August 21, 2025:

- Appellants' updated opening brief (to the extent they wish to update it in view of the Supreme Court's rulings) due in 21 days, on July 23, 2026;

- Appellees' response brief due 21 days later, on August 13, 2026; and

- Appellants' reply brief due 14 days later, on August 27, 2026.

Appellees respectfully request that this Court schedule oral argument at its earliest convenience.

---

[2] *See* Press Release, Nat'l Credit Union Admin., *Senate Confirms Harper to Full Term on the NCUA Board* (June 8, 2022), https://ncua.gov/newsroom/press-release/2022/senate-confirms-harper-full-term-ncua-board; Press Release, Nat'l Credit Union Admin., *Otsuka Sworn in as 25th NCUA Board Member* (Jan. 8, 2024), https://ncua.gov/newsroom/press-release/2024/otsuka-sworn-25th-ncua-board-member.

Dated: July 2, 2026                Respectfully submitted:

                                   */s/ Vincent Levy*
                                   Vincent Levy (60616)
                                   Denis D. Metin (66197)
                                   Daniel Fahrenthold (66139)
                                   HOLWELL SHUSTER &
                                   GOLDBERG LLP
                                   425 Lexington Avenue, 14th Floor
                                   New York, NY 10017
                                   Tel.: (646) 837-5151
                                   vlevy@hsgllp.com

6

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that this motion complies with Fed. R. App. P. 27(d)(1)(E) because it was prepared with Times New Roman 14-point, a proportionally spaced font, and the motion complies with Fed. R. App. P. 27(d)(2) because it contains 1,105 words, according to the word count of Microsoft Word.

*/s/ Vincent Levy*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Vincent Levy*