[NOT YET SCHEDULED FOR ORAL ARGUMENT]

No. 25-5268

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————————

TODD M. HARPER, et al.,

Plaintiffs-Appellees,

v.

SCOTT BESSENT, et al.

Defendants-Appellants.

———————————

On Appeal from the United States District Court
for the District of Columbia

———————————

**RESPONSE TO MOTION TO EXPEDITE**

———————————

This appeal arises from plaintiffs' termination from the National Credit Union Administration (NCUA) Board in April. On July 24, 2025, the district court granted summary judgment for the plaintiffs and issued an order reinstating them to office. The government filed its opening brief on September 12, 2025.  On September 29, 2025, on this Court's own motion, it held the case in abeyance pending further decision from the Supreme Court in *Slaughter v. Trump*, No. 25-332, after certiorari was granted in that case on September 22, 2025.

The Supreme Court issued its decision in *Slaughter* on June 29, 2026, and pursuant to this Court's order, the parties have 30 days in which to file motions to govern further proceedings. *See* Order of September 29, 2025.

Plaintiffs have now renewed their request for significant expedition of the briefing schedule.[1]  This Court should deny plaintiffs' request to significantly expedite this appeal.  Plaintiffs urge that their proposed, highly-expedited schedule is necessary because the Supreme Court's decisions in *Slaughter* and *Cook* "clear the way for this appeal to proceed and confirm that the judgment below should be affirmed."  Mot. 2.  But the fact that the Supreme Court provided additional clarity does not justify an expedited briefing schedule, particularly when this case has been in abeyance for nearly a year.

This Court expressly provided the parties with 30 days after the issuance of the Supreme Court's decision in *Slaughter* to submit motions to govern future proceedings.  The *Slaughter* and *Cook* decisions will have implications for numerous government cases concerning removals, including *Boyle v. CPSC*, No. 25-1687 (4th Cir.); *Cook v. Trump*, No. 25-5326 (D.C. Cir); *Gonzalez v. Gor*, No. 25-2158 (1st

---

[1] At this time, the government does not intend to file a new opening brief and currently intends to stand on the arguments made in that brief, which are in accord with those adopted by the Supreme Court in *Slaughter* and in footnote 5 of the *Cook* decision, and intends to address any intervening developments in reply. If the government determines a revised opening brief is necessary, it will the advise the Court of that in its forthcoming motion to govern future proceedings.

Cir.); *LeBlanc v. United States Priv. & C.L. Oversight Bd.*, No. 25-5197 (D.C. Cir); *Perlmutter v. Blanche*, No. 25-5285 (D.C. Cir.); *Jackler v. MSPB*, No. 26-1575 (Fed. Cir.); and cases in which regulated parties have challenged statutory removal restrictions for executive officers, including *MOSenecaManufacturer LLC v. Federal Mine Safety and Health Review Commission*, No. 25-1349 (8th Cir.); *Perdue Farms, Inc. v. Sonderling*, No. 26-1374 (4th Cir.); *Kinder Morgan v. Department of Labor*, No. 26-20344 (5th Cir.); *Asbury Automotive v. FTC*, No. 25-11102 (5th Cir.); *Millennia Housing v. HUD*, No. 25-3373 (6th Cir.); *Corr Flight S. v. Department of Labor*, No. 25-60286 (5th Cir.); *Comcast Corp. v. Department of Labor*, No. 25-2226 (4th Cir.); *C.S. Lawn & Landscape, Inc. v. Department of Labor*, No. 26-5114 (D.C. Cir.); *Orient Overseas Container Line Ltd. v. United States*, No. 26-20305 (5th Cir.).

The government is still sorting out how to proceed in this case and others and will file its motion to govern future proceedings no later than July 29, 2026, in accordance with this Court's order.

## CONCLUSION

Plaintiffs' motion to expedite should be denied.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
ERIC D. MCARTHUR

3

*Deputy Assistant Attorney General*

MARK R. FREEMAN
MICHAEL S. RAAB
DANIEL AGUILAR
 */s/ Laura E. Myron*
LAURA E. MYRON
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7228*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-4819*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 545 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Times New Roman, a proportionally spaced typeface.

*/s/ Laura E. Myron*
LAURA E. MYRON