[NOT YET SCHEDULED FOR ORAL ARGUMENT]

No. 25-5268

---

# United States Court of Appeals
## *for the*
## District of Columbia Circuit

---

TODD M. HARPER,
in his personal capacity and in his official capacity as a Member of the National
Credit Union Administration Board, *et al.*,
*Plaintiffs-Appellees*

v.

SCOTT BESSENT,
in his official capacity as Secretary of the Treasury, *et al.*,
*Defendants-Appellants*

---

From the United States District Court for the District of Columbia
Case No. 25-01294-AHA (Hon. Amir H. Ali)

---

**PLAINTIFFS-APPELLEES' REPLY ON MOTION TO SET BRIEFING
SCHEDULE AND ORAL ARGUMENT**

---

Vincent Levy
Denis Metin
Daniel Fahrenthold
HOLWELL SHUSTER &
GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com

Appellees Todd M. Harper and Tanya F. Otsuka respectfully submit that the Court should abide by the briefing schedule it previously adopted in this case. That schedule afforded Appellees twenty-one days to prepare their response brief and Appellants fourteen days to prepare their reply brief. *See* Order, *Harper v. Bessent*, No. 25-5268 (D.C. Cir. Aug. 21, 2025). Appellees respectfully request that the Court adopt that same cadence now, thereby preserving for each side the identical number of days the Court previously found appropriate in this appeal. Counting from the day Appellants indicated they would stand on their appellate brief, i.e., (earlier today), Appellees would file their response brief by **August 19, 2026**, and Appellants would file any reply brief by **September 2, 2026**.

Appellants offer no reason to depart from the prior briefing schedule, and none exists. The District Court ordered Appellees' reinstatement, *Harper v. Bessent*, 795 F. Supp. 3d 28, 46 (D.D.C. 2025), and the Supreme Court has since recognized that allowing removal to persist "for very lengthy periods of time without substantial cause for removal" while litigation remains pending would "significantly interfere with the independence" of the agency. *Trump v. Cook*, No. 25A312, slip op. at 16–17 (June 29, 2026). That concern applies with full force here: each day this appeal remains unresolved further prolongs Appellees' exclusion from office and compounds the precise harm the District Court's injunction was entered to prevent.

1

Whether the Court maintains the prior briefing schedule or endorses the Government's proposed schedule, Appellees respectfully request that the Court, consistent with its prior expedition order, set oral argument on an expedited basis at the earliest date after briefing is concluded. Doing so would serve both Appellees' interest in the prompt restoration of their statutory rights and the public's interest in the timely and orderly resolution of questions concerning the leadership of the National Credit Union Administration.

Dated: July 29, 2026

Respectfully submitted:

*/s/ Vincent Levy*
Vincent Levy (60616)
Denis D. Metin (66197)
Daniel Fahrenthold (66139)
HOLWELL SHUSTER &
GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that this motion complies with Fed. R. App. P. 27(d)(1)(E) because it was prepared with Times New Roman 14-point, a proportionally spaced font, and the motion complies with Fed. R. App. P. 27(d)(2) because it contains 312 words, according to the word count of Microsoft Word.

*/s/ Vincent Levy*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Vincent Levy*